UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MEENA TEJWANI,

Plaintiff,

v.

AMERADA HESS CORPORATION,

Defendant.

Civil Action No.: **05-10699 NMG**

**NOTICE OF REMOVAL**

(Superior Court Department of the Trial Court, Essex County, Commonwealth of Massachusetts, Civil Action No. 5-0298)

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Amerada Hess Corporation ("Hess" or "the Company"), by its undersigned counsel, respectfully notices removal of this action from the Superior Court Department of the Trial Court, Essex County, Massachusetts, to the United States District Court for the District of Massachusetts, by filing of this Notice of Removal with the Clerk of the United States District Court for the District of Massachusetts.

Hess, by and through its undersigned attorneys, respectfully states the following grounds as the basis for removal of this action:

1. On or about February 22, 2005, Plaintiff Meena Tejwani filed an action in the Superior Court Department of the Trial Court, Essex County, Massachusetts, entitled *Meena Tejwani v. Amerada Hess Corporation*, which was assigned Civil Action No. 5-0298 (the "State Court Action").

2. On or about March 9, 2005, Hess was served with a copy of the Summons and Complaint in the State Court Action by certified mail. (A copy of the Summons and Complaint is annexed hereto as "Exhibit 1"). No other process, pleadings or orders have been received by or served on Hess in the State Court Action.

3. This Notice of Removal is being filed within 30 days after Hess received a copy of the Summons and Complaint in the State Court Action, and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

4. This action is removable pursuant to 28 U.S.C. § 1441(a). It is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

### The Parties are Diverse

5. According to Paragraph 1 of the Complaint, Plaintiff Meena Tejwani resides at 28 Atlantic Avenue in Marblehead, Massachusetts. (Compl. ¶ 1). Thus, upon information and belief, Tejwani is now, and at the time the State Court Action was commenced was, a citizen of the state of Massachusetts.

6. Hess is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located in the state of New York at 1185 Avenue of the Americas, New York, NY. Accordingly, pursuant to 28 U.S.C.§ 1332, at the time the State Court Action was commenced, and at all times since then, Hess was and is a citizen of the states of Delaware and New York.

7. Plaintiff acknowledges that Hess is incorporated in Delaware and that its principal place of business is in New York. (Compl. ¶ 2).

8. Thus, complete diversity of citizenship exists in the State Court Action.

**The Amount in Controversy Reasonably Exceeds $75,000**

9. For this Court to have subject matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10. In the State Court Action, Plaintiff alleges a claim of disability discrimination and seeks compensatory and punitive damages, emotional distress damages, treble damages, attorney's fees, and other relief. (Compl. "WHEREFORE" clause following ¶ 18).

11. In the Civil Action Cover Sheet filed by the Plaintiff in the State Court Action, Plaintiff calculates her damages at $300,000. (A copy of the Civil Action Cover Sheet is annexed hereto as "Exhibit 2").

12. A jury in the State Court Action could find that Plaintiff's damages exceed $75,000 exclusive of costs and interest.

13. Plaintiffs' State Court Action is, therefore, an action of a civil nature between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and may be removed to this Court pursuant to the provisions of 28.U.S.C. §§ 1441(a) and 1446.

14. Upon the filing of this Notice of Removal, Hess will give written notice thereof to Judith A. Miller, Esq. of Attardo and Miller LLP, attorney for the Plaintiff. Hess will also file copies of this Notice with the Clerk, Superior Court Department of the Trial Court, Essex County, Massachusetts. Accompanying this Notice of Removal is a Civil Cover Sheet and a check in the amount of $250.00 for the required filing fee.

WHEREFORE, Defendant Amerada Hess Corporation respectfully prays that this action proceed in this Court as a matter properly removed thereto.

Dated: April 7, 2005
Boston, Massachusetts

                              Respectfully submitted,

                              AMERADA HESS CORPORATION
                              DEFENDANT

                              By its attorneys,

                              /s/ Eben Krim

                              Mark W. Batten (BBO No. 566211)
                              Eben A. Krim (BBO No. 652506)
                              PROSKAUER ROSE LLP
                              One International Place, 22nd Floor
                              Boston, MA 02110-2600
                              Tel: (617) 526-9850
                              Fax: (617) 526-9899

TO:   ATTORNEY FOR PLAINTIFF
       Judith A. Miller
       Attardo and Miller LLP
       220 Boylston Street, Suite 101
       Chestnut Hill, MA 02467
       Telephone: (617) 969-2900

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* -   TORT   -   MOTOR VEHICLE TORT   -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

**B**

SUPERIOR COURT
CIVIL ACTION
No.   5  0296

Meena Tejwani
........................................................................................................................., Plaintiff(s)

v.

Amerada Hess Corporation
........................................................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon  Judith A. Miller, Attardo and Miller LLP  ,
plaintiff's attorney, whose address is  220 Boylston St., Suite 101, Chestnut Hill, MA 02467  , an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the
day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
 Essex County  either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, **Barbara J. Rouse**, Esquire, at Salem, the
day of                    , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT                                          ESSEX, ss.

                                                                           6258

MEENA TEJWANI,                              )
                                            )
        Plaintiff,                         )
                                            )
v.                                          )      CIVIL ACTION NO.
                                            )
AMERADA HESS CORPORATION,                   )
                                            )
        Defendant.                         )
                                            )

## COMPLAINT

1. The Plaintiff, Meena Tejwani, is an individual who resides at 28 Atlantic Avenue, in Marblehead, Massachusetts.

2. The Defendant, Amerada Hess Corporation, is a Delaware corporation with a principal place of business at 1185 Avenue of the Americas, New York, NY, 10063.

3. The Plaintiff began working for the Defendant on December 24, 2001 as a management trainee in the Defendant's Beverly, Massachusetts store. After completing her training, she became the manager of another store north of Boston, Massachusetts.

4. At the end of February 2002, The Plaintiff was diagnosed with breast cancer. On February 28, 2002, the Plaintiff began a leave of absence to receive treatment for her cancer.

5. The Plaintiff returned to work during the second week of September 2002, as a manager in the Tewksbury store.

6. On about November 1, 2002, the Defendant transferred Plaintiff to a store in Haverhill, Massachusetts.

- 2 -

7. As the manager of this store, Plaintiff did an excellent job. She was able to dramatically improve the store's appearance, and she increased the store's sales significantly.

8. As a reward for her good performance, the Defendant gave Plaintiff a bonus for the fourth quarter of 2002.

9. At the end of January, 2003, the Plaintiff was transferred to the Defendant's Malden store, which was a gas station without a convenience store and which had a manager in place.

10. At the time of the transfer to the Malden store, the Division Manager, Scott Bushell, told the Plaintiff that he planned to terminate the manager in the Saugus store and that he would transfer her from Malden to Saugus in the next few weeks, after the termination occurred.

11. The Plaintiff was concerned about the transfer to the Malden store, particularly since there were two managers for the small Malden location where she was working, so she called the manager in Tewksbury to ask him what she should do.

12. The Tewksbury manager told Plaintiff that when she returned from her leave of absence, his boss, Shawn Lord, and the Senior Marketing representative, Ernie (last name unknown) talked to him about why she was placed in Tewksbury. Apparently, Mr. Lord and Ernie told this manager that they had to bring the Plaintiff back to work in order to avoid a lawsuit, but that they intended to terminate her. The implication was that the Defendant did not want someone with a disability working as a manager.

13. About 1½ weeks after the Defendant transferred Plaintiff to Malden, Mr. Bushell told her that the Defendant was terminating her employment. When Mr. Bushell told her she

- 3 -

was being terminated, it was clear that the Defendant did not want her because they believed that she was disabled due to breast cancer.

14. At the time of Plaintiff's termination, Mr. Bushell told her that she was a good manager and that he would give her a good reference. He also told her that she looked tired and that, after the surgery she had undergone, she should go home and think about whether she really wanted to work for the Defendant.

15. The Defendant terminated Plaintiff's employment because she had a disability (cancer), and because Defendant perceived her to be disabled as the result of having breast cancer.

16. On October 28, 2003, Plaintiff filed a charge of discrimination against the Defendant with the Massachusetts Commission Against Discrimination.

15. By letter dated October 18, 2004, Plaintiff requested to withdraw her discrimination charge against the Defendant for the purpose of filing this action, and she received a right to sue letter from the Massachusetts Commission Against Discrimination on October 29, 2004.

17. By terminating Plaintiff's employment because she is disabled or because Defendant perceived her as being disabled, Defendant discriminated against Plaintiff because of her disability in violation of the Massachusetts Anti-Discrimination Statute, Mass. Gen. Laws ch. 151B, § 4 ("Chapter 151B").

18. As the result of Defendant's actions, Plaintiff has lost wages and suffered extreme emotional distress.

- 4 -

WHEREFORE, Plaintiff demands judgment in her favor and for compensatory damages, emotional distress damages, punitive damages, treble damages, attorney's fees, interest and costs and for such other relief as the court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES IN HER COMPLAINT

MEENA TEJWANI

By Her Attorney,

Judith A. Miller
BBO # 544756
Attardo and Miller LLP
220 Boylston Street, Suite 101
Chestnut Hill, MA 02467
617-969-2900

DATED:   February 17, 2005

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: __Essex__ |
|---|---|---|
| PLAINTIFF(S)<br>MEENA TEJWANI | | DEFENDANT(S)<br>AMERADA HESS CORPORATION |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Judith A. Miller, Attardo and Miller LLP<br>220 Boylston Street, Suite 101<br>Chestnut Hill, MA 02467<br>617-969-2900<br>Board of Bar Overseers number: 544756 | | ATTORNEY (if known)<br>UNKNOWN |

**Origin code and track designation**

Place an x in one box only:
- X 1. F01 Original Complaint
- 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses $
2. Total Doctor expenses $
3. Total chiropractic expenses $
4. Total physical therapy expenses $
5. Total other expenses (describe) $
Subtotal $
B. Documented lost wages and compensation to date $
C. Documented property damages to date $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages $
F. Other documented items of damages (describe)
$
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$
TOTAL $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s): Defendant terminated Plaintiff's employment because of a disability (cancer) and/or Defendant perceived her as having a disability, in violation of MGLA ch. 151B, § 4

TOTAL $ 300,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE 2/17/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Meena Tejwani v. Amerada Hess Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Eben A. Krim__
ADDRESS __Proskauer Rose LLP, One International Place, 22nd Floor, Boston, MA 02110__
TELEPHONE NO. __(617) 526-9600__

(CategoryForm.wpd - 2/15/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MEENA TEJWANI

**(b)** County of Residence of First Listed Plaintiff: Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Judith A. Miller, Attardo & Miller LLP, 220 Boylston Street, Suite 101, Chestnut Hill, MA 02467, (617) 969-2900

## DEFENDANTS
AMERADA HESS CORPORATION

County of Residence of First Listed Defendant: Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Eben A. Krim, Proskauer Rose LLP, One International Place, 22nd Floor, Boston, MA 02110 (617) 526-9600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1441(a) and 1446
Brief description of cause:
Employment discrimination: complete diversity of citizenship

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ____
DOCKET NUMBER ____

DATE: 4/7/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____