UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MEENA TEJWANI,

                              Plaintiff,

            v.                                    Civil Action:  1:05-CV-10699 (NMG)

AMERADA HESS CORPORATION,

                              Defendant.

### ANSWER

Defendant, Amerada Hess Corporation ("Hess" or "Defendant"), through its undersigned counsel, answers the Complaint in this matter as follows.

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in paragraph 3 of the Complaint, except admits that Plaintiff began working for Hess on December 24, 2001 as a management trainee in Beverly, Massachusetts.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 4 of the Complaint.  Defendant denies the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiff began a leave of absence on February 20, 2002.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint, except admits that Plaintiff returned to work on September 9, 2002.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint, except admits that Plaintiff received a bonus in the fourth quarter of 2002.

9.      Defendant denies the allegations contained in paragraph 9 of the Complaint, except admits that Plaintiff was transferred to a "gas only" location in Malden, Massachusetts.

10.     Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 16 of the Complaint, except admits that Plaintiff filed a charge with the Massachusetts Commission Against Discrimination.

17.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 17 of the Complaint (incorrectly numbered 15 in Complaint).

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint (incorrectly numbered 17 in Complaint).

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint (incorrectly numbered 18 in Complaint).

The remainder of the Complaint constitutes plaintiff's prayer for relief, to which no response is required. Defendant specifically denies that plaintiff is entitled to any relief whatsoever.

Defendant denies all allegations of the Complaint not otherwise answered above.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim as to which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or

administrative prerequisites to the filing of this action.

## FOURTH AFFIRMATIVE DEFENSE

If the Plaintiff has suffered any injury, which Defendant denies, such injury is the result of

Plaintiff's own acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

If the Plaintiff has suffered any injury, which Defendant denies, such injury is the result of the

acts or omissions of third parties.

## SIXTH AFFIRMATIVE DEFENSE

If plaintiff has suffered damages, which Defendant expressly denies, she has failed to make

reasonable efforts to mitigate her damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a basis for an award of punitive damages, and Defendant engaged in

no conduct sufficient to support such an award.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff resigned her employment and was not terminated.

## NINTH AFFIRMATIVE DEFENSE

Defendant had legitimate business reasons for all actions taken with respect to the Plaintiff.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Defendant took no adverse action against the plaintiff.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff was not a qualified handicapped individual within the meaning of Mass. Gen. L. c.

151B.

WHEREFORE, defendants demand judgment dismissing the Complaint with prejudice.

Respectfully submitted,


AMERADA HESS CORPORATION,
DEFENDANT

By its attorneys,


/s/ Eben A. Krim
Mark W. Batten (BBO No. 566211)
Eben A. Krim (BBO No. 652506)
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA 02110-2600
Tel: (617) 526-9850
Fax: (617) 526-9899

Dated: April 29, 2005


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, by first-class mail, postage paid, this 29th day of April, 2005.

_____/s/ Eben A. Krim_____
Eben A. Krim

6